**FILED**

**June 21, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 8:26 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT COOKEVILLE

| | |
|---|---|
| **MICHAEL COITRONE,** | ) Docket No.: 2016-04-0305 |
| **Employee,** | ) |
| **v.** | ) **State File No.: 79982-2016** |
| | ) |
| **ROBERT FULTON D/B/A/ BOB'S** | ) **Judge Robert Durham** |
| **CONSTRUCTION,** | ) |
| **Uninsured Employer.** | ) |
| | ) |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

This matter came before the undersigned Workers' Compensation Judge on June 9, 2017, upon the Request for Expedited Hearing (REH) filed by Michael Coitrone.[1] Mr. Coitrone filed the Request to determine whether Robert Fulton, d/b/a Bob's Construction, is obligated to provide workers' compensation benefits for his July 15, 2016 work injury, and if so, to what extent he is entitled to medical benefits and temporary disability benefits. The Court holds the evidence submitted by Mr. Coitrone is sufficient to establish he is likely to prevail in proving he was Mr. Fulton's employee when he sustained a work-related injury on July 15, 2016; thus, he is entitled to reimbursement for emergent care expenses as well as a panel of physicians from which he may choose an authorized treating physician. However, the Court further finds Mr. Coitrone did not provide sufficient evidence at this time to establish entitlement to temporary disability benefits.

### History of Claim

According to his testimony, Mr. Fulton hired Mr. Coitrone to work as a carpenter beginning on July 14, 2016, at $15.00 per hour based on a fifty-hour workweek. Mr. Fulton picked him up from a McDonald's restaurant on the 14th and drove him to a worksite located in Putnam County.[2] Mr. Coitrone noticed Mr. Fulton talking to another

---

[1] Mr. Fulton did not attend the Expedited Hearing and did not respond in any way to the Notice of Expedited Hearing sent to his listed address.

[2] Since Mr. Coitrone had moved to Tennessee only a few weeks before and only worked for Mr. Fulton for two days

1

gentleman about the project but could not say whether he was the homeowner or a general contractor.

The following day, Mr. Fulton again picked Mr. Coitrone up from McDonald's and drove him to the worksite. While working on the second floor of a garage, Mr. Coitrone fell through the floor and landed on concrete several feet below, causing injuries to his head, right wrist, and low back. Mr. Fulton and a co-worker assisted Mr. Coitrone to Cookeville Regional Medical Center's emergency room.

According to CRMC records, Mr. Coitrone suffered a laceration to the back of his head that required stapling as well as a right wrist sprain and severe back pain. Mr. Coitrone also testified he suffered an injury to his left shoulder. He underwent x-rays of his right wrist, thoracic spine, and chest, as well as a CT scan of his head, none of which revealed any abnormal findings. An x-ray of his lumbar spine revealed compression fractures at L3 and L4, which were "probably acute." Dr. William Gailmard, the emergency room physician, called for a consultation with a neurosurgeon, but Mr. Coitrone chose to be discharged before the consult occurred. Dr. Gailmard counseled Mr. Coitrone to seek outpatient follow-up with a neurosurgeon, prescribed pain medication, and discharged him from care. (Ex. 1.)

Mr. Coitrone did not submit any additional medical records, although he did introduce several medical bills, which he testified were incurred as a result of the accident.[3] Expenses incurred on July 15 for CRMC's emergency room, Dr. Gailford's services, and Cumberland Imaging Services total $3,589.84. (Exs. 8, 9, 10.)

Mr. Coitrone attempted to obtain workers' compensation benefits from Mr. Fulton, but when he discovered Mr. Fulton did not have workers' compensation insurance, he contacted the Bureau of Workers' Compensation Ombudsman's office for assistance. On September 9, 2016, a Request for Investigation to determine whether Mr. Fulton was required to comply with workers' compensation law was filed with the Bureau of Workers' Compensation. The Investigation Report determined that Mr. Fulton found the job; controlled the right of termination; provided transportation to and from the worksite, thus setting the work hours; controlled the right to hire helpers; and furnished all tools and equipment. (Ex. 6.)

Mr. Coitrone testified that he has not been able to work since the date of the accident. However, the Bureau investigation report included several text messages between Mr. Coitrone and Mr. Fulton from late July to early August 2016 in which Mr. Coitrone asked Mr. Fulton for work. (Ex. 4.) Mr. Coitrone also testified that he continues to suffer from back pain as well as cluster headaches, which he attributes to his

---

before his injury, he could not identify the exact location of the worksite.
[3] Some of the bills included services provided at CRMC's emergency room on June 23, 2016, and were not included in the calculation stated above.

accident.

## Findings of Fact and Conclusions of Law

As in all workers' compensation actions, Mr. Coitrone, as the claimant, has the burden of proof on the essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, since this is an expedited hearing, he only has to come forward with sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits in order to meet his burden. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

With regard to Mr. Coitrone's employment status with Mr. Fulton, the Court finds the undisputed evidence establishes Mr. Coitrone is likely to prove he was Mr. Fulton's employee, as opposed to an independent contractor, at the time of the injury on July 15, 2016. Tennessee Code Annotated section 50-6-102(12)(D)(i) (2016) sets forth the following factors for making this determination as follows:

*(a)* The right to control the conduct of the work;
*(b)* The right of termination;
*(c)* The method of payment;
*(d)* The freedom to select and hire helpers;
*(e)* The furnishing of tools and equipment;
*(f)* Self-scheduling of working hours; and
*(g)* The freedom to offer services to other entities.

Mr. Coitrone testified he was Mr. Fulton's employee; he further testified he was to be paid on hourly basis and that he was driven to and from the jobsite by Mr. Fulton, who dictated his schedule. Furthermore, the UEF Investigation Report determined that Mr. Fulton found the job, controlled the hiring of helpers, and provided tools and equipment for the construction project. Mr. Fulton did not appear at the hearing to provide testimony to the contrary. As a result, the Court finds at this stage that Mr. Coitrone provided sufficient evidence to show he is likely to prove he was an employee of Mr. Fulton at the time of his work-related injury.

Since Mr. Coitrone was Mr. Fulton's employee, the Court further finds that Mr. Fulton was subject to the Workers' Compensation Law, given that construction contractors must provide benefits to injured workers even if they only have one employee. Tennessee Code Annotated section 50-6-902(a) (2016). Thus, Mr. Coitrone is entitled to workers' compensation benefits for any injury causally related to his employment with Mr. Fulton.

In order to prevail on causation, Mr. Coitrone must establish he suffered an

3

accidental injury that was "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2016). The undisputed testimony is that, while working on a construction project for Mr. Fulton, he fell several feet through a hole in the second floor and sustained injuries to his head, left shoulder, low back, and right wrist. Thus, the Court finds Mr. Coitrone is likely to establish he suffered compensable work-related injuries on July 15, 2016, and is entitled to workers' compensation benefits.

However, Mr. Coitrone is still obligated to establish entitlement to the medical expenses he incurred for treatment of the injuries sustained on July 15, 2016. Whether an employee is justified in seeking payment for unauthorized medical expenses from an employer depends upon the circumstances of each case. *Buchanan v. Mission Ins. Co.,* 713 S.W.2d 654, 656 (Tenn. 1986). According to the uncontroverted evidence, Mr. Coitrone sustained a substantial laceration to the back of his head, probably compression fractures in his lumbar spine and a right wrist sprain due to his fall. Mr. Coitrone suffered significant bleeding and intense pain immediately following the injury. The Court finds the emergent care sought by Mr. Coitrone and provided at CRMC was justified under the circumstances and holds Mr. Fulton is obligated to pay the submitted July 15, 2016 expenses, which according to the evidence total $3,589.84.

Furthermore, the emergent care physician, Dr. Gailmard, recommended Mr. Coitrone be evaluated by a neurosurgeon for potential follow-up care for his lumbar spine compression fractures. The Court holds Mr. Coitrone is entitled to such care and orders Mr. Fulton to provide a panel of neurosurgeons pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2016) from which Mr. Coitrone may select an authorized physician to provide reasonable and necessary medical care for injuries related to his fall.

Finally, with regard to temporary disability benefits, Mr. Coitrone must prove (1) disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *See Shepherd v. Haren Const. Co., Inc., et al.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). While Mr. Coitrone testified he has not been able to work since the accident, such testimony must be supported by expert medical opinion making a causal connection between his inability to work and his injury and establishing the duration of such disability. *Id.* Mr. Coitrone has yet to offer any evidence in this regard. Thus, the Court finds he has not provided sufficient evidence to establish his likelihood of prevailing on this issue and holds he is not entitled to temporary disability benefits at this time.

Although this Court holds Mr. Fulton must provide Mr. Coitrone with past and ongoing medical benefits, it is unclear whether payment will be forthcoming since Mr. Fulton did not have workers' compensation insurance at the time of the accident. Under

4

Tennessee Code Annotated section 50-6-802(e)(1) (2015), however, the Bureau has discretion to pay limited temporary disability and medical benefits to employees who have established medical causation of their injury and meet the following criteria:

(1) The employee worked for an employer who failed to carry workers' compensation insurance;
(2) The employee suffered an injury primarily arising in the course and scope of employment after July 1, 2015;
(3) The employee was a Tennessee resident on the date of the injury; and
(4) The employee provided notice to the Bureau of the injury and the employer's failure to provide workers' compensation insurance no more than sixty days after the injury occurred.

Tenn. Code Ann. § 50-6-801(d)(1)-(4) (2015).

The Court adopts the findings contained in the Bureau's Investigation Report, admitted into evidence without objection as Exhibit 6. Based on the testimony and evidence introduced at the Expedited Hearing, the Court finds:

(1) Mr. Fulton, as a construction contractor and Mr. Coitrone's employer, failed to carry workers' compensation insurance;
(2) Mr. Coitrone suffered an injury arising primarily out of and in the course and scope of employment after July 1, 2015;
(3) Mr. Coitrone was a Tennessee resident on July 15, 2016, the date of the injury;
(4) Mr. Coitrone provided notice to the Bureau of the injury and Mr. Fulton's failure to provide workers' compensation insurance within sixty days after the injury occurred; and
(5) Mr. Coitrone is entitled to past and on-going medical benefits.

IT IS, THEREFORE, ORDERED that:

1. Mr. Fulton shall pay the reasonable and necessary medical expenses Mr. Coitrone incurred on July 15, 2016, as a result of his work-related injury in the amount of $3,589.84.

2. Mr. Fulton shall provide a panel of neurosurgeons from which Mr. Coitrone may select an authorized treating physician to provide reasonable and necessary treatment for his work-related injuries in accordance with Tennessee Code Annotated section 50-6-204(a)(1)(A) (2016).

3. Mr. Coitrone is eligible to receive medical benefits from the Uninsured Employer's Fund pursuant to Tennessee Code Annotated section 50-6-801, *et seq.* The clerk shall forward a copy of this order to the Administrator for consideration of payment.

4. Mr. Coitrone's request for temporary disability benefits is denied at this time.

5. This matter is set for a Scheduling Hearing on **July 24, 2017**, at **10:00 a.m. Central Time**. The parties must call 615-253-0010 or toll-free at 855-689-9049 to participate in the Hearing. Failure to call in may result in a determination of the issues without your further participation.

**ENTERED THIS THE 21 ଶ DAY OF JUNE, 2017.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Medical Records
2. Mr. Coitrone's affidavit
3. Bill from CRMC
4. Texts between Mr. Coitrone and Mr. Fulton
5. Discharge Note from CRMC
6. UEF Investigation Forms
7. Bill from CRMC for June 16, 2016 visit
8. Bill from Volunteer Medical Group
9. Bill from Cumberland Imaging Assoc.
10. Bill summary from CRMC

Technical Record:

1. Petition for Benefit Determination
2. Request for Expedited Hearing
3. Dispute Certification Notice

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Granting Benefits was sent to the following recipients by the following methods of service on this the 21st day of June, 2017.

| Name | Certified Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|------|------|------|------|------|
| Michael Coitrone | X | | | X | 392 B Dry Valley Road Cookeville, TN 38506 mcoitrone@aol.com |
| Robert Fulton | X | | | | Bob's Construction 290 Country Meadows Lane Cookeville, TN 38501 |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov